UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY J. MOORE,
a.k.a MAHOGANY VON SQAY-EL-EHMON,

    Plaintiff,

v.                                                  Case No. 3:21cv2429-LC-HTC

GEO GROUP, INC.,
 BLACKWATER RIVER CRF,
 C. MAIORANA,
 D. MCGOWAN,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Anthony J. Moore[1], a prisoner proceeding *pro se*, has filed this action pursuant to 42 U.S.C. § 1983, naming over two dozen defendants and purporting to seek relief for a variety of claims, ranging from medical negligence, to cruel and unusual punishment, to lack of law library access. ECF Docs. 1, 5 (addendum to complaint)[2]. Also, pending are a motion for preliminary injunction, ECF Doc. 3; third motion to proceed *in forma pauperis*, ECF Doc. 9, and a "motion to supplement

---

[1] Plaintiff identifies as a transgender inmate "transitioning from male to female" and uses pronouns she and her. ECF Doc. 5 at 6. Thus, the Court will do the same herein.
[2] The "Addendum" was docketed as a First Amended Complaint, however, that is not correct as the Addendum appears to attempt to add claims and defendants to those identified in the complaint. Thus, it is not a self-contained document and is not the operative pleading.

pleadings," ECF Doc. 10, in which Plaintiff appears to seek to supplement her motion to proceed *in forma pauperis* with a declaration and her complaint with additional grievance forms and responses. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

Upon review, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE as malicious and as abuse of the judicial process for Plaintiff's failure to respond truthfully to questions contained on the complaint form and failure to follow orders of the Court. Thus, all pending motions should also be TERMINATED.

## I.   LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental employees and also seeking to proceed *in forma pauperis*, this Court must screen the complaint and dismiss the case if the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); § 1915A. "[P]roviding false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process". *See Baskin v. Doe*, No. 1:21-CV-119-AW-GRJ, 2021 WL 4526708, at *2 (N.D. Fla. Aug. 17, 2021), *report and recommendation adopted*, No. 1:21-CV-119-AW-GRJ, 2021 WL 4523081 (N.D.

Fla. Oct. 4, 2021), (citing, *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing case for failure to disclose prior litigation is "precisely the type of strike that Congress envisioned when drafting section 1915(g)") and *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process")).

## II. PLAINTIFF'S FAILURE TO PROVIDE TRUTHFUL RESPONSES TO THE COMPLAINT FORM

Plaintiff initiated this action in November 2021, by filing a civil rights complaint on a form for prisoners. ECF Doc. 1. Although Plaintiff did not use the form required by this Court, the form Plaintiff used contained similar questions as those requested in this Court's form. Also, the complaint form expressly warned that "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS ACTION." *Id.* at 5. Despite that warning and despite signing the complaint under penalty of perjury, ECF Doc. 1 at 9, Plaintiff failed to disclose at least three (3) federal cases she previously filed.

First, Section IV.C. of the complaint form asks Plaintiff whether she has "initiated other actions . . . in either state or federal court that relate to the fact or manner of [her] incarceration . . . or the condition of [her] confinement." *Id.* at 6. Plaintiff checked the box "No." *Id*. As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior

lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Upon such an investigation, the undersigned takes judicial notice of the following two (2) cases, which Plaintiff previously filed relating to her incarceration and conditions of confinement, and which she *did not* disclose:

> *Moore v. McNeal*, 3:09cv405-RV-EMT (Fla. N.D. 2009) (§ 1983 complaint alleging improper medical care and conditions of confinement) (bearing Plaintiff's same inmate number P22955)

> *Moore v. City of Pensacola, et al.*, 3:11cv529-MCR-EMT (Fla. N.D. 2011) (§ 1983 complaint challenging a 2011 arrest and seeking relief for false imprisonment)

Each of those cases bear Plaintiff's same name and handwriting and should have been disclosed. Thus, Plaintiff clearly knew at the time she signed her complaint that her allegations were not truthful.

Second, Section IV.D. of the complaint form asks Plaintiff whether she has ever filed "any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service." ECF Doc. 1 at 6. Plaintiff checked the box next to "No" and did not disclose any actions. The Court determined this representation was also untruthful. Plaintiff has had three (3) cases filed in federal court that were dismissed prior to service for failure to comply with orders of the Court – the two cases identified above, and *Garnett v. Stuart*, 3:12-c-v559-MCR-EMT. Although

Plaintiff was not a prisoner when she filed *Garnett*, the question was not limited to only cases filed in that capacity.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. It is well settled that "[a] plaintiff's affirmative misrepresentation regarding [her] prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Thus, an appropriate sanction for Plaintiff's abuse of the judicial process here is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). As one District Judge in this district has stated, "[i]f the requirement

for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC.

### III. FAILURE TO COMPLY WITH ORDERS OF THE COURT

When Plaintiff initiated this action, she filed a motion to proceed *in forma pauperis*, which was incomplete as it did not include an executed financial certificate or a 6-month printout of the transactions in Plaintiff's inmate account. ECF Doc. 2. The Court gave Plaintiff an opportunity to cure this deficiency and file a complete motion. ECF Doc. 6. Despite the Court's clear directives, Plaintiff filed a near identical motion, which, again, did not include an executed financial certificate or a 6-month printout. ECF Doc. 7. Thus, on December 8, 2021, the Court denied Plaintiff's second motion to proceed *in forma pauperis* and gave Plaintiff an additional twenty-one (21) days to file a third motion to proceed *in forma pauperis* or pay the Court's filing fee. ECF Doc. 8. Plaintiff was expressly warned that absent good cause, this would be Plaintiff's final opportunity to cure this deficiency. *Id.* at 2.

Ignoring that admonition, Plaintiff filed a third motion to proceed *in forma pauperis*, which is also incomplete and noncompliant. It continues to omit a 6-month statement. Instead, Plaintiff attaches a two (2) month printout of her inmate

account and two (2) inmate requests. ECF Doc. 9. In the motion to supplement, Plaintiff also submits a sworn affidavit claiming she has requested a 6-month statement. ECF Doc. 10 at 3.

To the extent Plaintiff wants to blame her noncompliance with the Court's orders on the institution, the documents she attaches show otherwise. Indeed, in its reply to Plaintiff's November request for a 6-month statement, the institution stated it "would be happy to provide [Plaintiff's] Bank Statement", but Plaintiff needed to "submit all of the filled in court documents . . . so [they] may accurately complete the court's verification form." ECF Doc. 9 at 6. Then, in response to Plaintiff's December request, the institution responded with "see attached." *Id.* at 7. Thus, it appears the institution has provided Plaintiff with the information the Court requires, but for whatever reason – whether for delay or other reason – Plaintiff has not provided the information to the Court.

The Court has repeatedly told Plaintiff what she needed to file for the Court to consider her indigency status and has given Plaintiff over two months to do so. Nonetheless, Plaintiff's continues to submit deficient filings in contravention of this Court's Orders. Plaintiff's failure to comply with this Court's orders serves as a second ground for dismissal of this action. As set forth above, like failing to disclose prior litigation, a failure to comply with an order of the court also constitutes an abuse of the judicial process.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process and for failure to comply with Court orders.

2. All pending motions be terminated.

3. The clerk be directed to close this file.

At Pensacola, Florida, this 13th day of January, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.